IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAREMINDERS HOME CARE, INC., <br><br> Petitioner, <br><br> v. <br><br> RAVEN J. SANDIFER and RAVENOUS ENTERPRISES, INC., <br><br> Respondents. | 1:14-cv-03573-WSD |

**OPINION AND ORDER**

This matter is before the Court on Petitioner CareMinders Home Care, Inc.'s ("Petitioner" or "CareMinders") Petition to Confirm the Arbitration Award [1], and Respondents Raven J. Sandifer's and Ravenous Enterprises Inc.'s (collectively, "Respondents") Cross-Petition to Vacate the Arbitration Award [9].

I.   **BACKGROUND**

   A.   Facts

Petitioner is an Alpharetta, Georgia based provider of non-medical assistance for pediatric and geriatric clients. On January 31, 2011, Petitioner and Respondents entered into a Franchise Agreement that granted Respondents the right to operate Petitioner's franchise in Wisconsin. Section 14 of the Franchise

Agreement provides that Petitioner and Respondents agreed that disputes arising under the Agreement would be submitted to arbitration.  Section 18.4 of the Franchise Agreement provides that ". . . [the] [a]rbitration shall be conducted under and governed by the Commercial Arbitration Rules . . . of the American Arbitration Association ['AAA'] and Title 9 of the U.S. Code."  See Franchise Agreement, § 18.4, Pet.'s Ex. A [11.1] at 44.

On October 3, 2013, Respondents initiated an arbitration proceeding against CareMinders before the AAA in Atlanta, Georgia.  Respondents alleged that CareMinders caused them damage as a result of CareMinders' violation of the Franchise Agreement by, including, failing to (i) provide Respondents with assistance in advertising and marketing the CareMinders brand, (ii) obtain operating licenses, and (iii) assist with several other operational functions.  Respondents also asserted claims for fraud in the inducement, breach of fiduciary duty under Georgia law, and several provisions of the Wisconsin Franchise Investment statute.  Respondents' Detailed Statement of Claim and Demand for Relief, and Petitioner's Answering Statement requested the Arbitrator to include an award for attorneys' fees to the prevailing party.  See Pet.'s Ex. B [11.2] at 36-37 & Ex. C [11.3] at 73.

The Arbitrator held a hearing in Atlanta, Georgia during the period September 22, 2014 to September 24, 2014. On October 30, 2014, the Arbitrator issued an Arbitration Award ("Award"). In it, the Arbitrator rejected Respondents' claims, and awarded Petitioner attorneys' fees and expenses of the litigation in the amount of $243,766.78. The Arbitrator found that Petitioner "is entitled to recover its attorneys' fees under one or more of Section 18.3 of the Franchise Agreement, O.C.G.A. § 13-6-11 and O.C.G.A. § 9-15-14." See Final Award, Ex. A. [1.1] at 9. Section 18.3 provides:

> 18.3   Attorneys' Fees.   If Franchisor secured any declaration, injunction or order of specific performance pursuant to Section 18.2 hereof, if any provision of this Agreement is enforced at any time by Franchisor, or if any amounts due from Franchisee to Franchisor are, at any time, collected by or through an attorney at law or collection agency, Franchisee shall be liable to Franchisor for all costs and expenses of enforcement and collection including, but not limited to, court costs and reasonable attorneys' fees (including attorneys' fees incurred for appellate level legal services), and any arbitration fees or expenses for proceedings instituted pursuant to Section 18.4.

See Franchise Agreement, § 18.3, Pet.'s Ex. A at 44.

O.C.G.A. § 13-6-11 provides for the award of litigation expenses where a "plaintiff has specially pleaded and has made prayer thereof and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." See O.C.G.A. § 13-6-1.

O.C.G.A. § 9-15-14 allows the Court to assess reasonable attorneys fees if it finds

that a party asserted claims or defenses that lacked substantial justification, were asserted for the purpose of delay or harassment, or the claims "unnecessarily expanded the proceeding by other improper conduct." See O.C.G.A. § 9-15-14.

B.  Procedural History

On November 5, 2014, CareMinders moved to confirm the Award. CareMinders also requested the Court to award Petitioner pre- and post-judgment interest under 28 U.S.C. § 1961, and the fees and costs associated with prosecuting this action.

On January 12, 2015, Respondents answered the Petition and cross-moved to vacate the Award. Respondents argue that the Arbitrator's decision to award attorneys' fees to CareMinders is required to be vacated because attorneys' fees are not recoverable under Section 18.3 of the Franchise Agreement. Respondents argue that Section 18.3 of the Franchise Agreement allows attorneys' fees only under three circumstances: (i) injunctive or declaratory relief was awarded, (ii) a provision of the Agreement was enforced or (iii) an amount due from Respondents was collected through an attorney or a collection agency. Respondents claim none of these three reasons apply here.

Respondents also contend that the Arbitrator wrongfully awarded attorneys' fees under O.C.G.A. § 13-6-11 because (i) Petitioner did not specially plead or

pray for relief under this statute, (ii) relief is not available under O.C.G.A. § 13-6-11 unless the requesting party asserts an independent claim, and (iii) attorneys' fees cannot be recovered under the section to deter conduct that occurs during litigation. Respondents finally argue that O.C.G.A. § 9-15-14 does not apply to Arbitration proceedings, that Respondents were not provided with notice under this statute, and the Arbitrator did not support an award of attorneys' fees under the section with factual findings.

## II. DISCUSSION

### A. Legal Standard

The Federal Arbitration Act ("FAA") "imposes a heavy presumption in favor of confirming arbitration awards." Cat Charter, LLC v. Schurtenberger, 646 F.3d 836, 842 (11th Cir. 2011) (internal quotation marks and citations omitted). Under Section 9 of the FAA, the Court must confirm an arbitrator's award unless it is vacated, modified, or corrected in accordance with Sections 10 and 11 of the FAA. 9 U.S.C. § 9. "There is a presumption under the FAA that arbitration awards will be confirmed, and federal courts should defer to an arbitrator's decision whenever possible." Frazier v. CitiFinancial Corp., LLC, 604 F.3d 1313, 1321 (11th Cir. 2010) (citations and quotation marks omitted).

Section 10 of the FAA permits an arbitration award to be vacated under four narrow circumstances:

> (1) where the award was procured by corruption, fraud or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent or material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4).

The first three factors are not at issue here.[1]  The Court thus considers only

---

[1] In their Cross-Petition to Vacate the Award, Respondents contend that the third and fourth factors are relevant here.  Respondents do not argue that the Arbitrator refused to postpone the hearing upon request or refused to hear evidence that was pertinent or material to the dispute.  See 9 U.S.C. § 10(a)(3).  To the extent that Respondents rely on the "catchall" provision of Section 10(a)(3) to argue that the Arbitrator is guilty of "other misbehavior by which the rights of any party have been prejudiced," they do not explain how this provision applies.  In their Cross-Petition, Respondents only assert that the Arbitrator "exceeded his powers," ignored Georgia law and disregarded the express language of the Franchise Agreement.  There are no facts or argument to support that the Arbitrator is guilty of "other misbehavior."  It is, of course, not the Court's obligation to scour the record to determine if there are facts to support Respondents' argument under the third factor.  Cf. Atlanta Gas Light Co. v. UGI Util., Inc., 463 F.3d 1201, 1208 n.11 (11th Cir. 2006) ("Neither the district court nor this court has an obligation to

6

whether, under the fourth factor, the award is required to be vacated. In evaluating whether to vacate under the fourth factor, the Court does not revisit the legal merits of the award or the factual basis for the arbitrators' decisions. See Wiand v. Schneiderman, 778 F.3d 917, 926 (11th Cir. 2015). An award is not vacated unless a plausible ground for the arbitrator's decision cannot be inferred from the facts. Id. "'It is not enough . . . to show that the [arbitrators] committed an error—or even a serious error.'" Southern Mills Inc. v. Nunes, 586 F. App'x 702 (11th Cir. 2014) (quoting Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 671 (2010)). "It is only when an arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable." Id.

"To vacate on the ground that the arbitrator exceeded the arbitrator's powers, pursuant to § 10(a)(4), the party seeking relief bears a heavy burden."

---

parse a summary judgment record to search out facts or evidence not brought to the court's attention."); Magnum Towing & Recovery v. City of Toledo, 287 F. App'x 442, 449 (6th Cir. 2008) (holding that "it is not the district court's . . . duty to search through the record to develop a party's claims; the litigant must direct the court to evidence in support of its arguments before the court."); Sioson v. Knights of Columbus, 303 F.3d 458, 460 (2d Cir. 2002) (refusing to "dig up and scrutinize anew the memorandum in opposition to summary judgment" in the absence of a properly raised argument that analyzes the claims at issue). Considering the Respondents' submissions in this case, Respondents' request to vacate the Award is based only on the fourth factor. The Court, therefore, considers whether the decision to award attorneys' fees should be vacated under this fourth factor.

Dorward v. Macy's Inc., 588 F. App'x 951, 953 (11th Cir. 2014). Under the highly deferential standard of Section 10(a)(4), the question "is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong." Southern Comm. Servs., Inc. v. Thomas, 720 F.3d 1352, 1359 (11th Cir. 2013) (internal quotation marks and citations omitted). An "incorrect legal conclusion" or a "manifest disregard of the law" does not constitute grounds for vacating or modifying an award. Id. at 1360.

B. Analysis

The Eleventh Circuit has addressed the issues that Respondents raise here. In Fowler v. Ritz Carlton Hotel Co., LLC, 579 F. App'x 693, 699 (11th Cir. 2014), the Eleventh Circuit considered whether an Arbitrator exceeded her authority by awarding costs and attorneys' fees under an arbitration agreement. The Eleventh Circuit held that the parties' agreement incorporated the AAA's Commercial Arbitration Rules and Mediation Procedures ("Commercial Rules") which allow an arbitrator to award attorneys' fees and costs, and, because fees and costs were allowed to be imposed, the award of attorneys' fees and costs was proper. Id.

That is the case here. Section 18.4 of the Franchise Agreement specifically provides that ". . . [a]rbitration shall be conducted under and governed by the Commercial Arbitration Rules . . . of the [AAA] and Title 9 of the U.S. Code."

See Franchise Agreement, § 18.4, Pet.'s Ex. A at 44.  Rule 43(d) of the AAA's Commercial Rules provides:

> (d)  The Award of the arbitrator(s) may include:
>
> > (i) interest at such rate and from such date as the arbitrator(s) may deem appropriate; and
> >
> > (ii) an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement.

See Rule 43(d) of the Commercial Rules.  Here, both parties requested the Arbitrator to award attorneys' fees.  Respondents did so when the arbitration proceeding was initiated.  Petitioner requested attorneys' fees in its Answer to Respondents' claims and in its post-hearing brief.  See Pet.'s Ex. H at 20-21.

Under Rule 43(d)(ii) of the Commercial Rules, the Arbitrator had the authority to award Petitioner attorneys' fees, in the amount of $243,766.78, because Respondents' Detailed Statement of Claim and Demand for Relief and Petitioner's Answering Statement requested the Arbitrator to award attorneys' fees.  Both parties having requested an award of attorneys' fees, Rule 43(d)(ii) of the Commercial Rules applies, and the Arbitrator thus had the authority to include attorneys' fees in the Award and did not exceed his powers under Section 10(a)(4) of the FAA.  See Fowler, 579 F. App'x at 699.

Even if the Court assumes that the Arbitrator's decision to award attorneys' fees under Section 18.3 of the Franchise Agreement was in error,[2] Rule 43(d)(ii) of the Commercial Rules, which is incorporated in the Franchise Agreement, independently empowered the Arbitrator to award attorneys' fees, and the Award is required to be confirmed for this reason.  See id.; Wells Fargo Bank, N.A. v. WMR e-PIN, LLC, 653 F.3d 702, 713 (8th Cir. 2011) (rejecting argument that arbitrator misapplied contractual provision and erroneously awarded attorneys' fees because all parties requested an award of attorneys' fees, and the arbitrator was authorized to consider the request under Rule 43(d)(ii) of the Commercial Rules); B/E Aerospace v. Jet Aviation St. Louis, Inc., No. CIV. 8569 SAS, 2012 WL 1577497, at *4 (S.D.N.Y. May 3, 2012) (confirming award of attorneys' fees

---

[2] The Arbitrator's decision to award attorneys' fees under Section 18.3 could arguably be incorrect.  Petitioner was not awarded injunctive or declaratory relief, and Petitioner did not collect any amount due on a claim from Respondents through an attorney or a collection agency.  Petitioner argues that Section 18.3 applies because "its defense in the arbitration relied in large part on enforcing numerous provisions of the Franchise Agreement, including but not limited to Sections 22.1, 22.2 and 22.6, which contain merger and disclaimer clauses that were instrumental in defeating Respondents' fraud and fraud-related claims."  Pet.'s Resp. at ¶ 21.  Although Section 18.3 allows Petitioner to receive attorneys' fees for enforcing the Franchise Agreement, Petitioner's conclusory argument is not supported with facts or legal authority.  The Court is thus unable to determine whether the Arbitrator correctly awarded attorneys' fees under Section 18.3 of the Franchise Agreement.  Even if the Arbitrator incorrectly awarded attorneys' fees under Section 18.3, an award for attorneys' fees is required to be confirmed because the Arbitrator had the authority to make the award under the Commercial Rules—Rules that were incorporated in the Franchise Agreement.

even though the parties' agreement specified that each party shall be solely responsible for bearing its own attorneys' fees because the award was permissible under Rule 43(d)(ii) of the Commercial Rules); see also NetKnowledge Tech., L.L.C. v. Rapid Transmit Tech., No. 3:02-CV-2406-M, 2007 WL 518548, at *7 (N.D. Tex. Feb. 20, 2007).

Respondents next argue that O.C.G.A. § 9-15-14 and O.C.G.A. § 13-6-11 do not allow an award of attorneys' fees and costs.  In White Springs Agriculture Chem., Inc. v. Glawson Inv. Corp., 660 F.3d 1277, 1283 (11th Cir. 2011), White Springs argued that the award of expert fees and prejudgment interest to Glawson was prohibited by federal and Florida law respectively.  In considering this argument, which is strikingly similar to the arguments raised by Respondents, the Eleventh Circuit held:

> [T]hese points on appeal essentially involve the same argument: the panel exceeded its powers by acting contrary to the law.  We cannot, however, review the panel's award for underlying legal error.  Even though White Springs presents its argument in terms of the FAA, it asks us to do what we may not—look to the legal merits of the underlying award.

Id.

In Fowler, the Eleventh Circuit applied White Springs to conclude that the plaintiffs' argument was foreclosed by its precedent because they "essentially argue[d] that if the arbitrator applied the law correctly, she would not have

11

awarded attorneys' fees." 579 F. App'x at 699.  Here, Respondents simply argue that the Arbitrator would not have awarded attorneys' fees if he had applied Georgia law correctly.  That is not a reviewable claim under the FAA's highly deferential standard.  See id.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

The Court concludes that the Arbitrator properly awarded attorneys' fees because Rule 43(d)(ii) of the Commercial Rules empowered the Arbitrator to award attorneys' fees in the underlying arbitration proceeding.  To the extent that Respondents argue that the Arbitrator exceeded the Arbitrator's powers by acting contrary to Georgia law, their claim is not reviewable under the FAA because the Court cannot consider the legal merits of the Award.  The Petition to Confirm the Arbitration Award is granted, and Respondents' Cross-Petition to vacate the decision to award attorneys' fees is denied.

**IT IS HEREBY ORDERED** that the Petition to Confirm the Arbitration Award [1] is **GRANTED**.[3]

---

[3] In its prayer for relief, Petitioner also requested the Court to award its fees and costs in prosecuting this action, and pre- and post- judgment interest pursuant to 28 U.S.C. § 1961.  The Court does not consider these requests because they were not supported with facts or argument.

**IT IS FURTHER ORDERED** that Respondents' Cross-Petition to Vacate the Arbitrator's decision to award attorneys' fees [9] is **DENIED**.

**SO ORDERED** this 29th day of June, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE